IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES PETERSON,

    Plaintiff,

vs.                                     CIVIL ACTION NO.: CV606-025

HUGH SMITH; STEVE ROBERTS;
JOHN W. PAUL; LOUISE SMITH;
JANET BREWTON; D. KNIGHT;
TONYA ANDERSON, and GARY
HORDEN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants Hugh Smith, Steve Roberts, John Paul, Louise Smith, Janet Brewton, D. Knight, Tonya Anderson, and Gary Horden. Plaintiff alleges that he has been housed in the administrative segregation unit of the prison for an extended period of time for a purpose other than a disciplinary action. (Compl., p. 5.) Plaintiff asserts that his placement in administrative segregation violates his right to due process. Plaintiff also asserts that his placement in segregation amounts to deliberate indifference by the prison's administrative staff. (<u>Id.</u>)

Plaintiff sets forth no factual allegations that any of the named Defendants are responsible for the alleged violations of his constitutional rights. A Plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his Complaint should be dismissed.

2

AO 72A
(Rev. 8/82)

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 24th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)